# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>LINTHONG THYBOUALOY,<br><br>   Defendant. | No. 05MJ180<br><br>**DETENTION ORDER** |

  This matter came on for detention hearing on October 7, 2005. Assistant U.S. Attorney John Lammers appeared on behalf of the plaintiff (the "Government"). The defendant Linthong Thyboualoy appeared in person with his attorney, Patrick Parry. The Government offered the testimony of Officer Mike Simons. The criminal complaint filed in this matter was made a part of the record of the detention hearing without objection from the defendant.

  The court must determine whether any condition or combination of conditions will reasonably assure the defendant's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. United States v. Fortna, 769 F.2d 243 (5th Cir. 1985), cert. denied, 479 U.S. 950, 107 S. Ct. 436 (mem.), 93 L. Ed. 2d 385 (1986); United States v. Garcia, 801 F. Supp. 258, 260 (S.D. Iowa 1992).

  The court is to presume that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the

community if the court finds there is probable cause to believe the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 et seq. This presumption is subject to rebuttal by the defendant. 18 U.S.C. § 3142(e); see 18 U.S.C. § 3142(f)(1)(C). The probable cause element of section 3142(e) which triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. See United States v. Apker, 964 F.2d 742, 744 (8th Cir. 1992); United States v. Dorsey, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the criminal complaint that was admitted into the record contains ample facts to indicate the Defendant has been involved in drug trafficking involving a significant quantity of methamphetamine. The facts set forth in the verified complaint are unrebutted, and The Defendant offered no other evidence to overcome the presumption that he would be a danger to the community if released. The presumption arises from the charge itself – a serious drug charge involving distribution of a significant quantity of methamphetamine. See United States v. Cox, 635 F. Supp. 1047, 1055 (D. Kan. 1986) (citing United States v. Fortna, 769 F.2d 243, 247 (5th Cir. 1985); United States v. Williams, 753 F.2d 329, 335 (4th Cir. 1985); United States v. Daniels, 622 F. Supp. 178, 179 (N.D. Ill. 1985); United States v. Jones, 614 F. Supp. 96, 97-98 (E.D. Pa. 1985)). Viewing the record as a whole, the court finds nothing to indicate The Defendant would refrain from engaging in criminal activity if released. However, the court does not find the Defendant is a flight risk.

The court finds the Government has not proved by a preponderance of the evidence that the Defendant is a flight risk, but has proved by clear and convincing evidence that

the Defendant would be a danger to the community if released. Therefore, the court finds the following:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford the Defendant reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order must:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is no automatic stay of this Order. Therefore, the Defendant must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 7th day of October, 2005.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT